UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HAMMERSLEY,

        Plaintiff,

v.                                          Case No. 11-C-631

GHAYYUR ABBAS QURESHI,

        Defendants.

**MEMORANDUM AND ORDER**

      Plaintiff Hammersley, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he has been assessed and has paid an initial partial filing fee. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the entire statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a

person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff asserts that the Defendant, a physician, was deliberately indifferent to Plaintiff's serious medical needs when he refused to recommend that Plaintiff be given a breathing machine to treat his sleep apnea. He states that a sleep study was performed, but Plaintiff was not able to sleep long enough during the test for the results to be meaningful. He further asserts that he had undergone previous sleep studies that caused other doctors to recommend breathing machines.

The complaint does not state a claim under § 1983. Taking the allegations as true, at most it suggests that Plaintiff has a disagreement with a physician about the proper course of his medical care. Even if Plaintiff were correct, his claim would amount to no more than a claim that the Defendant was negligent in the performing of medical services. The standard for deliberate indifference is much higher. Specifically, Plaintiff must show some form of intent to cause harm or knowledge that harm would ensue. Here, such factors are notably absent. A sleep study was performed and the physician simply reached a conclusion with which the Plaintiff disagrees. The Defendant reviewed the results of the study and concluded the Plaintiff has mild sleep apnea and "may be able to achieve well consolidated sleep by sleeping in the side position" (as opposed to on his back). (Compl., Ex. K.) The Defendant thus took Plaintiff's situation seriously and gave it his full consideration. An inmate's subjective disagreement with his physician's opinion does not give rise to a deliberate indifference claim. *See Estelle v. Gamble,* 429 U.S. 97, 107 (1976) (holding that disagreement with a doctor's judgment does not support a claim of deliberate indifference). Accordingly, the complaint will be dismissed.

IT IS ORDERED that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the filing fee may be paid over time.

IT IS ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS ORDERED that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS ORDERED that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the clerk of court enter judgment accordingly.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   18th   day of July, 2011.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge